**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JESSICA PLATERO,

      Plaintiff-Appellant,

v.

WILLIAMS FIELD SERVICES
COMPANY,

      Defendant-Appellee,

JEFF BAUMER; DAVID SANDERS,

      Defendants.

No. 05-2006
(D.C. No. CIV-01-1318 BB/WDS)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL**, and **MURPHY**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Jessica Platero appeals from the entry of summary judgment for her former employer, defendant Williams Field Services Company, on her claims for discriminatory discharge under Title VII. On de novo review, *see Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1216 (10th Cir. 2002), we affirm for the reasons explained below.

This is plaintiff's second appeal challenging a grant of summary judgment. Initially, the district court held that defendant had demonstrated plaintiff was legitimately terminated as low-scoring employee on a rating system used for a reduction in force (RIF). We reversed, holding unexplained discrepancies between her scores on the RIF rating and more favorable performance evaluations from a supervisor "g[a]ve rise to a triable issue of pretext precluding summary judgment." *Platero v. Baumer*, 98 F.App'x 819, 823 (10th Cir. 2004). But we noted that "additional factual development could potentially alter that conclusion" and, thus, we "d[id] not specifically remand 'for trial,' but more generically 'for further proceedings,' which d[id] not rule out a properly supported second motion for summary judgment." *Id*. In particular, we acknowledged the possibility "that with additional evidence defendant could show" the discrepancies were either (1) "artifacts of different (but still legitimate) purposes and standards operative in the [RIF] context," or (2) "legally immaterial [on the issue of pretext], in that all

similarly situated employees retained in the RIF outscored the plaintiff on both the [RIF ratings] and their employee evaluations." *Id.* at 822.

On remand, defendant pursued both avenues. We focus here on the second, as it directly involves a *legal* deficiency inherently appropriate for resolution on summary judgment.[1] Defendant submitted additional evidence to show that the three other employees whose retention, based on RIF scores, is the basis for plaintiff's allegations of discrimination all outscored her on their performance evaluations as well. Consistent with our remand, the district court held that this fact rendered immaterial the discrepancies between RIF ratings and performance evaluations that had undermined defendant's case on the prior appeal. In the absence of any other factual showing of pretext, the district court concluded that defendant was entitled to summary judgment.

Plaintiff raises three issues on appeal, one relating to the timeliness of the evidence submitted on remand and two challenging its substantive sufficiency. None of these issues has merit; indeed, little of plaintiff's briefing even squarely addresses the reasoning of the district court for the rulings under review.

Plaintiff opposed the admission of defendant's new evidence on remand, objecting that it had not been disclosed in discovery or pretrial proceedings

---

[1]    The first involves a factual matter that, as we noted on the prior appeal, would "just create another issue for trial" unless defendant made "a conclusive showing" negating any inference of pretext. *Platero*, 98 F.App'x at 822.

-3-

completed prior to the first summary judgment appeal. The district court's determination of this evidentiary matter is subject to review only for an abuse of discretion. *See Roe ex rel. Roe v. Keady*, 329 F.3d 1188, 1194 (10th Cir. 2003). The district court thoughtfully considered and rejected plaintiff's objection. The court noted that prejudice, particularly unfair surprise, was the crux of the matter. *See Davis v. U. S. Bancorp.*, 383 F.3d 761, 765 (8th Cir. 2004). It then observed that defendant had made a supplemental disclosure of the witnesses and exhibits in question following this court's remand order (which clearly put plaintiff on notice that just such development of the factual record could be expected) and that plaintiff had ample time to respond before resolution of the second summary judgment motion. In light of these circumstances, and plaintiff's failure to articulate any basis for finding prejudice, the district court properly concluded that the relevant evidence submitted by defendant should be admitted. Moreover, on appeal, plaintiff still does not offer any account of cognizable prejudice caused by the manner in which the district court proceeded on the second summary judgment motion.

Turning to more substantive matters, plaintiff insists that defendant "failed to allege a legally sufficient legitimate, non-discriminatory reason for [her] termination." Aplt. Opening Br. at 22. This objection encompass two subsidiary contentions. First, plaintiff claims her prior appeal established that the RIF rating

-4-

system was just a list of nebulous, nonspecific deficiencies "so vague as to elude meaningful comparison," and argues that as such it could not provide a legitimate basis for termination. *Id.* at 22, 23 (quotation omitted). Plaintiff mischaracterizes the thrust of our prior decision. In fact, we cited several RIF ratings that were straightforward and readily comparable to counterparts in plaintiff's performance evaluation (these comparisons were critical to our pretext analysis); we simply noted that the ratings also included some statements that were too vague for such comparisons and held that the lack of demonstrable inconsistencies in those respects should not be held against plaintiff on the pretext question. *See Platero*, 98 F.App'x at 821-22 & n.3. We never suggested that the RIF ratings were an intrinsically inadequate basis for termination – indeed, that would have *obviated* our lengthy comparative analysis of the ratings and evaluations for purposes of pretext, which was the sole basis for our disposition.[2]

In any event, on remand the district court fleshed out the derivation of the RIF ratings, and explained that they were "based to a significant extent on input from an employee's customers, to a lesser extent on the most recent performance

---

[2]     In a similar vein, plaintiff's facial challenge to the RIF rating system is contrary to our express direction that summary judgment for defendant would be appropriate *based on its use of the RIF ratings* if defendant showed that the discrepancies between the ratings and the performance evaluations were "merely artifacts of different (but still legitimate) purposes and standards operative in the [RIF] context." *Platero*, 98 F.App'x at 822.

evaluations, and on certain test scores . . . [that] were the result of an independent testing agency's examinations of the employees' proficiencies at using the Excel and Word software." Aplt. App. at 286. There is nothing inherently suspect about the cited sources from which the RIF ratings were derived, and plaintiff does not refer us to specific facts in the record supporting any particularized suspicions in this respect.

The second aspect of plaintiff's objection to the justification given for her termination is that it has changed in the course of this litigation, from exclusive reliance on RIF ratings to a substantial reliance on performance evaluations as well. Aplt. Opening Br. at 23.[3] That is not an accurate characterization of the proceedings. Defendant has consistently maintained that plaintiff's termination was based on RIF ratings; however, given her challenge to her RIF rating as inconsistent with her performance evaluation, it became important (as explained in our prior decision) for defendant to show that the RIF ratings and performance evaluations ranked her the same in any event. The point of that showing was not

---

[3] This objection is framed somewhat differently at another point in plaintiff's brief, where she criticizes defendant for taking inconsistent positions on the role of performance evaluations, marginalizing them in its first summary judgment motion and then insisting on their relevance in its second motion. *See* Aplt. Opening Br. at 29. Plaintiff mistakes clarification for contradiction. Defendant simply explained in its second motion that while the layoffs were driven by the multi-component RIF ratings rather than performance evaluations per se, the latter were one component of the former.

to shift the reason for termination from RIF rating to performance evaluation, but to defuse as legally immaterial plaintiff's pretext challenge to the former based on discrepancies with the latter.

Finally, plaintiff argues that, even assuming defendant has asserted a sufficient reason for her termination, there is overwhelming evidence of pretext precluding summary judgment. The bulk of her argument here is simply a rehash of the RIF rating/performance evaluation discrepancies noted on her prior appeal. It should be clear by now that argument in that vein is no longer legally material in light of defendant's showing on remand that plaintiff's position in the RIF rankings would not have improved even if it had been based on the performance evaluation instead.

Plaintiff also contends that the RIF rating was subjective and, as such, inherently raised an inference of pretext. This contention is legally and factually overstated. Pretext is ordinarily inferred "only when the criteria on which the employers ultimately rely are *entirely* subjective." *Jones v. Barnhart*, 349 F.3d 1260, 1267-68 (10th Cir. 2003) (emphasis added). The RIF rating included independently tested computer skills, and plaintiff has not pointed to any evidence to suggest this facially objective criteria somehow involved subjective assessment. Moreover, customer input was a key factor, and while there may be a subjective aspect to such input, the customer is not the decision-maker whose

motives are at issue. The inference of pretext in this context is based on the idea that a *decision-maker* could cloak *his* bias in an unassailable subjective judgment. Thus, when a subjective decision is *made by* someone *whose motives have been put in question in the case*, an inference of pretext may be appropriate. *See Pitre v. W. Elec. Co.*, 843 F.2d 1262, 1272 (10th Cir. 1988); *see also Green v. New Mexico*, 420 F.3d 1189, 1195 (10th Cir. 2005). No such inference arises from independent judgments related by third parties to the decision-maker.

In sum, the district court did not abuse its discretion in its handling of the evidence submitted by defendant on remand, which was consistent with the plain import of this court's prior opinion. Based on that evidence, the court properly concluded that defendant had advanced and substantiated a legitimate justification for its decision to terminate plaintiff and that plaintiff had not presented legally material evidence of pretext sufficient to create a triable issue and thereby defeat summary judgment.

The judgment of the district court is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge